JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff     Philadelphia, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant     Rockland County, NY
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(b)** Attorneys *(Firm Name, Address, and Telephone Number)* Lawrence Kalikhman, Esquire, Kalikhman & Rayz, LLC, 1051 County Line Road, Suite A, Huntingdon Valley, PA 19006, Phone: 215-364-5030

Attorneys *(If Known)*: John M. Guthrie, Esquire, Law Offices of Terkowitz & Hermesmann, 309 Fellowship Road, Suite 200, Mt. Laurel, NJ 08054, phone: 856-642-4012

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

' 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                  *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ' 1 | Incorporated *or* Principal Place of Business In This State | ' 4 | ' 4 |
| Citizen of Another State | ' 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ' 5 |
| Citizen or Subject of a Foreign Country | ' 3 | ' 3 | Foreign Nation | ' 6 | ' 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ' 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ' 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ' 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ' 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ' 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

' 1  Original
Proceeding

☒ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

' 5  Transferred from
Another District
*(specify)*

☐ 6  Multidistrict
Litigation -
Transfer

☐ 8  Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 28 USC § 1332(a)(2)

Brief description of cause: Motor vehicle accident - PA - NY Citizens

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $ More than
950,000

CHECK YES only if demanded in complaint:

JURY DEMAND:   X Yes   'No

## VIII. RELATED CASE(S)
IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   6/29/17

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

| Print | Save As... | Reset |

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD KRUSE,** | ) | |
| Plaintiff, ) | Case No.: |
| vs. | ) | |
| | ) | |
| **LUIS M. FERREIRA AND FISCHER FOODS** | ) | |
| **OF NEW YORK, INC.,** | ) | |
| Defendants. ) | |

TO:  THE HONORABLE JUDGES OF
     THE UNITED STATES DISTRICT COURT
     FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PLEASE TAKE NOTICE that on this date, defendants, Richard Kruse and Fischer Foods of New York, hereby file this Notice of Removal pursuant to 28 U.S.C. 1446(a), 28 U.S.C.A. 1332(a)(2) and 28 U.S.C. 141(a) together with all process, pleadings and orders as required by 28 U.S.C. 1446(a), true copies of which are attached hereto, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, Philadelphia, Pennsylvania.

Defendants, Richard Kruse and Fischer Foods of New York, by their undersigned attorneys, respectfully show this Court that:

1.     The removing parties are Defendants in a civil action and are represented by the undersigned.

2.     On or about May 25, 2017, Plaintiff commenced this case against the removing parties in the Court of Common Pleas of Pennsylvania, Philadelphia County, 170503713, May Term, 2017, and it is now pending therein. *See Complaint* (attached as Exhibit "A").

3.     On or about June 3, 2017 the removing Defendant Luis M. Ferreira was served with the Summons and Complaint in this case by mail. See Certified Mail Delivery Tracking for Luis Ferreira attached hereto as Exhibit "B". It is unknown if Fischer Foods of New York, Inc. was lawfully served with process. The Complaint recites an address of 1172 Burnett Place, Bronx, New York 10474-5719 for defendant Fischer Foods of New York, Inc. (See Exhibit "A", paragraph 3). This address is incorrect.

4.     No further proceedings have occurred in this case in State court.

5.     The Plaintiff's attorney has not made a monetary demand, other than alleging significant injuries and stating in the ad damnum clause of the Complaint that damages are sought in excess of $50,000. Exh. A, "Wherefore" Clause. However, prior to suit, Plaintiff attorney's last demand was $95,000.

6.     Moreover, in his Complaint, Plaintiff asserts serious and permanent personal injuries including, but not limited to the following body parts: "the bones, muscles, tendons, ligaments, nerves and tissues in, of and/or about her [sic] head neck, shoulders, back, body and limbs, including but not limited to herniated cervical discs and/or aggravation thereof, confirmed by MRI, cervical radiculopathy confirmed by EMG/NCV testing, lumbar radiculopathy, thoracic disc hernation and/or aggravation thereof by MRI; lumbar disc hernation and bulge and/or aggravation thereof, confirmed by MRI, pelvic instability with misalignment of the iliac crest and acetabulum bilaterally cervical, thoracic and lumbar sprain/strain, left knee contusion; as well as other injuries".

7.     In light of the above, Defendants have a good faith belief that Plaintiff contends the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs. The undersigned defense counsel has been involved in other cases where similar injuries were alleged in Philadelphia County and the settlement demands/value of those cases has universally been stated to be in excess of $75,000.

8.     Plaintiff is Pennsylvania resident, residing at 6304 Cottage Street, Philadelphia, PA.

9.     The Defendant Fischer Foods of New York was at the time of the subject accident and is now a New York corporation with its principal place of business located at 200 Brenner Drive, Congers, New York.

10.     Defendant Luis M. Ferreira was at the time of the subject accident a resident and citizen of New York and has an address of 137 Maple Avenue, Apartment 38, Haverstraw, NY 10927. Mr. Ferreira was at all relevant times an employee of Fischer Foods of New York at the time of this accident. Mr. Ferreira is currently a New York resident and citizen.

11.     This case involves Plaintiff's allegations that the Defendants were negligent in an automobile accident that caused the plaintiff to be injured, allegedly sustaining personal injuries.  The amount in controversy required pursuant to 28 U.S.C. 1332 is satisfied because of the nature of the alleged personal injury in this matter.

12.     This Court has original jurisdiction of this case pursuant to 28 U.S.C. 1332, diversity of citizenship and the action may be removed to this Court pursuant to 28 U.S.C. 1441, in that there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of costs and interest.

13.     A copy of plaintiff's Complaint with Notice to Defend filed in this case are attached as Exhibit "A". To the best of the moving party's knowledge, these are the only pleadings filed in the State Court to date.

14.     This notice is filed with the Court within thirty (30) days after receipt by the removing parties of a copy of the Complaint in this case.  Defendants expressly reserve their right to challenge the method of service as ineffective and to challenge personal jurisdiction over these defendants in the Courts of Pennsylvania.

15.     Upon receipt of a filed Notice of Removal, this Defendant will provide a copy of the Notice of Removal to the Prothonotary of the Court of Common Pleas of Pennsylvania, Philadelphia County.

**WHEREFORE**, the removing parties pray that this case be removed from the Court of Common Pleas of Pennsylvania, Philadelphia County, to this Court pursuant to 28 U.S.C. 1441(a) and 1452.

Dated: June 29, 2017                           /s/ *John M. Guthrie*
                                               By:      John M. Guthrie, Esq. (JG2024)
                                               Law Offices of Terkowitz & Hermesmann
                                               309 Fellowship Road, Suite 200
                                               Mount Laurel, NJ 08054
                                               856-642-4012
                                               jguthrie@hanover.com
                                               Attorney for Defendants Richard Kruse and Fischer
                                               Foods of New York

.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**RICHARD KRUSE,**                      )
                          Plaintiff,    )    Case No.:
            vs.                         )
                                        )
**LUIS M. FERREIRA AND FISCHER FOODS**  )
**OF NEW YORK, INC.,**                  )
                        Defendants.     )

### CERTIFICATION OF SERVICE

I hereby certify that on June 29, 2017 the within Notice of Removal on behalf of defendants, Richard

Kruse and Fischer Foods of New York, was filed with the United States District Court Eastern District of

Pennsylvania and sent via regular U.S. Postal mail and/or email, and made available for viewing upon the

following counsel of record:

Lawrence Kalikhman, Esquire
Kalikhman & Rayz, LLC
1051 County Line Road, Suite A
Huntingdon Valley, PA 19006
215-364-5030 Fax: 215-364-5029
lkalikhman@kalraylaw.com

/s/ *John M. Guthrie*
John M. Guthrie, Esquire
Law Offices of Terkowitz  & Hermesmann
309 Fellowship Road, Suite 200
Mt. Laurel, NJ 08054
(856) 642-4012
jguthrie@hanover.com

Dated:   June 29, 2017

# Exhibit A

**MAJOR JURY**
**2V – MOTOR VEHICLE COLLISION**
**Attorneys for Plaintiff(s)**

*Filed and Attested by the*
*Office of Judicial Records*
*25 MAY 2017 01:34 pm*
*E. EDWARDS*

**KALIKHMAN & RAYZ, LLC**
Lawrence Kalikhman, Esquire
Identification No. 93624
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Phone: (215) 364-5030
Fax: (215) 364-5029
E-mail: lkalikhman@kalraylaw.com

| | |
|---|---|
| RICHARD KRUSE<br><br>Plaintiff(s)<br><br>v.<br><br>LUIS M. FERREIRA<br>FISCHER FOODS OF NEW YORK, INC.<br><br>Defendant(s) | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>May Term, 2017<br><br>Docket No. |

### NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**PHILADELPHIA BAR ASSOCIATION**
**LAWYER REFERRAL & INFORMATION SERVICE**
**ONE READING CENTER**
**PHILADELPHIA, PA 19107**
**TELEPHONE: (215) 238-1701**

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas de estas demandas expuestas an las paginas signientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, le corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u ostros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

**SERVICIO DE REFERENCIA LEGAL**
**ONE READING CENTER**
**FILADELFIA, PA 19107**
**TELEFONO: (215) 238-1701**

Case ID: 170503713

**KALIKHMAN & RAYZ, LLC**                     **Attorneys for Plaintiff(s)**
Lawrence Kalikhman, Esquire
Identification No. 93624
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Phone: (215) 364-5030
Fax: (215) 364-5029
E-mail: lkalikhman@kalraylaw.com

| | |
|---|---|
| RICHARD KRUSE<br>6304 COTTAGE STREET<br>PHILADELPHIA, PA 19135 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| Plaintiff(s) | May Term, 2017 |
| v. | Docket No. |
| LUIS M. FERREIRA<br>C/O FISCHER FOODS OF NEW YORK, INC.<br>200 BRENNER DRIVE<br>CONGERS, NY 10920<br><br>AND<br><br>FISCHER FOODS OF NEW YORK, INC.<br>200 BRENNER DRIVE<br>CONGERS, NY 10920<br><br>Defendant(s) | |

## COMPLAINT – CIVIL ACTION
## 2V – MOTOR VEHICLE COLLISION

1.      Plaintiff, Richard Kruse (hereinafter "Plaintiff"), is an adult individual and a citizen

of the Commonwealth of Pennsylvania who resides at the above-captioned address.

2.      Defendant, Luis M. Ferreira (hereinafter "Ferreira"), is an adult individual and a

citizen of the State of New York who upon information and belief at all times relevant hereto,

maintained a business address at the above-captioned address.

3.      Defendant Fischer Foods of New York, Inc., (hereafter "Fischer") is a corporation

formed in the State of New York with an office located at the above captioned address and a

registered principal place of business at 1172 Burnett Place, Bronx, New York, 10474-5719.

Case ID: 170503713

4.     At all times relevant hereto, Defendant, Ferreira, was the authorized agent, servant, borrowed servant, workman and/or employee of Defendant, Fischer and was operating a motor vehicle (truck) which was owned, maintained and/or controlled by Defendant, Fischer, within the course and scope of his employment and/or with Fischer's express, implied and/or apparent permission, authorization and/or consent.

5.     Defendant, Fischer, is upon information and belief, a New York corporation or other form of business entity with a principal place of business located at the above-captioned address.  Defendant, Fischer, regularly, continuously and systematically conducts business within the City and County of Philadelphia, Commonwealth of Pennsylvania.

6.     At all times material to this Complaint, Defendant, Fischer, acted and/or failed to act in person and/or through duly authorized agents, servants, workmen, and/or employees, acting within the scope and course of their authority and/or employment, including Defendant, Ferreira.

7.     The facts and occurrences hereinafter related took place on or about June 15, 2015, at approximately 6:16 a.m., on westbound I-676, Philadelphia, Pennsylvania.

8.     At the date, time and place aforesaid, Plaintiff was operating his automobile westbound on I-676 in Philadelphia, Pennsylvania, and was lawfully and appropriately slowing and braking for slowing and/or stopped traffic ahead.

9.     At the date, time and place aforesaid, Defendant, Ferreira, was the operator of a motor vehicle which was owned by Defendant, Fischer, and which was proceeding westbound on I-676, Philadelphia, Pennsylvania, directly behind the Plaintiff's automobile.

10.     At the date, time and place aforesaid, Defendant, Ferreira, individually, jointly and/or severally, suddenly and without any warning, negligently and carelessly operated his motor vehicle, violently crashing into the rear of the Plaintiff's automobile.

11.     At the date, time and place aforesaid, there were no mechanical defects with the vehicle being operated by Defendant, Ferreira, and owned by Defendant, Fischer, prior to the

collision described herein.

12.     At the date, time and place aforesaid, Defendant, Ferreira, had a clear view and/or in the exercise of reasonable care required of all operators of motor vehicles upon the roadways of the Commonwealth of Pennsylvania, should have had a clear view of the Plaintiff's automobile directly in front of his and lawfully and appropriately slowing and braking for slowing and/or stopped traffic ahead, prior to crashing into that automobile.

13.     The aforesaid collision was caused solely by the negligence and carelessness of the Defendant, Ferreira, individually, jointly and/or severally, and was not due to any act or failure to act on the part of the Plaintiff.

14.     As a result of the foregoing events, Plaintiff sustained serious and permanent bodily injuries more fully described hereinafter.

## COUNT I
## PLAINTIFF V. FERREIRA

15.     Plaintiff incorporates by reference, the allegations of paragraphs 1 through 13, as if the same were set forth at length herein pursuant to Pa.R.C.P. 1019(g).

16.     At all times relevant hereto, Defendant, Ferreira, was negligent and careless in the operation of his motor vehicle, individually, jointly and/or severally, in that he failed to keep his motor vehicle under adequate and proper control, thereby crashing into the rear of the Plaintiff's automobile which was then and there lawfully and appropriately slowing and braking for slowing and/or stopped traffic ahead on westbound I-676 as aforesaid.

17.     At all times relevant hereto, the negligence and carelessness of the Defendant, Ferreira, individually, jointly and/or severally, consisted of the following:

        a.     Failing to keep his motor vehicle under such control so as to be able to appropriately stop and/or slow down said vehicle without causing a collision with Plaintiff's automobile;

        b.     Causing a vehicular collision;

c.    Being inattentive;

d.    Failing to operate his motor vehicle with due regard to the rights, safety and position of the Plaintiff's automobile;

e.    Failing to properly observe and pay attention to the road and the roadway ahead and to the vehicles thereon;

f.    Operating the motor vehicle at an excessive rate of speed for allowable conditions;

g.    Failing to obey traffic control devices;

h.    Failing to take necessary action to avoid and/or evade the collision;

i.    Failing to perform vehicle safety inspection and/or pre-trip inspection prior to operating his motor vehicle;

j.    Operating his motor vehicle at an unsafe speed such that it could not be stopped within a reasonable distance in violation of the statutory rules of the road of the Commonwealth of Pennsylvania, particularly 75 Pa.C.S.A §3361, rendering Defendant's conduct negligent *per se*; and

k.    Driving a vehicle with careless disregard for the safety of persons or property in violation of the statutory rules of the road of the Commonwealth of Pennsylvania, specifically 75 Pa.C.S.A. §3714, rendering Defendant's conduct negligent, *per se.*

18.    As a direct and proximate result of Defendant, Ferreira's negligence and carelessness as aforesaid, individually, jointly and/or severally, Plaintiff did and/or may have sustained severe and permanent injuries to the bones, muscles, tendons, ligaments, nerves and tissues in, of, and/or about her head, neck, shoulders, back, body and limbs, including but not limited to herniated cervical discs and/or aggravation thereof, confirmed by MRI, cervical radiculopathy confirmed by EMG/NCV testing, lumbar radiculopathy, thoracic disc herniation and/or aggravation thereof, confirmed by MRI; lumbar disc herniation and bulge and/or

aggravation thereof, confirmed by MRI, pelvic instability with misalignment of the iliac crest and acetabulum bilaterally, cervical, thoracic and lumbar sprain/strain, left knee contusion; as well as other injuries, the extent and nature of which are as yet not fully determined.  In addition, Plaintiff did and/or may have sustained post-incident traumatic limitation of motion, severe aches and pains, mental anguish concomitant with his physical injuries and severe nervous shock.  The injuries and conditions suffered by Plaintiff are believed to be permanent in nature and have in the past and may in the future cause the Plaintiff great pain and suffering.  Plaintiff has been and will in the future be prevented from pursuing his usual duties, activities, goals and/or daily affairs.  (It is specifically maintained that this paragraph has been drafted by and is the language of Plaintiff's counsel, is meant to be all encompassing as to the potential injuries suffered by Plaintiff, and, in fact, some of the injuries alleged and/or outlined herein may not have actually been suffered.  The medical investigation is continuing in this regard.)

19.     By reason of the aforesaid negligence and carelessness of the Defendant, Ferreira, individually, jointly and/or severally, the Plaintiff has been in the past and may in the future be obliged to expend large sums of money for medicines and medical attention, in and about endeavoring to treat and cure himself of his aforesaid injuries.

20.     The Plaintiff further avers that as a result of the aforesaid occurrence, he has in the past and may in the future be unable to attend to his normal and usual duties, affairs, avocations and occupations, to his great financial damage and loss.

21.     The Plaintiff further avers that as a result of the aforesaid collision, he has suffered a serious impairment to his body function, such that he suffered not only an impairment to one, or more, of his body functions, but said injuries and impairment have had a significant impact upon his ability to perform his normal, usual and customary duties and functions.

22.     The Plaintiff further avers that as a result of the negligence and careless of the Defendant, Ferreira, individually, jointly and/or severally, he has in the past and may in the future suffer severe physical pain, mental anguish concomitant with his physical injuries,

humiliation and loss of life's pleasures.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, Ferreira, individually, jointly and/or severally, for an amount in excess of Fifty Thousand Dollars ($50,000.00), together with damages for delay as permitted by Rule 238, those costs that are permitted by Court Rule and included in a Bill of Costs and any other damage that is permitted by the Court or by Court Rule.

<div align="center">

**COUNT II**
**PLAINTIFF V. FISCHER**

</div>

23.    Plaintiff incorporates by reference, the allegations of paragraphs 1 through 21, as if the same were set forth at length herein pursuant to Pa.R.C.P. 1019(g).

24.    At all times relevant hereto, the negligence and carelessness of Defendant, Fischer, acting individually, jointly and/or severally, and/or by and through Defendant, Fischer, consisted of the following:

     a.     Failing to keep his motor vehicle under such control so as to be able to appropriately stop and/or slow down said vehicle without causing a collision with Plaintiff's automobile;

     b.     Causing a vehicular collision;

     c.     Being inattentive;

     d.     Failing to operate his motor vehicle with due regard to the rights, safety and position of the Plaintiff's automobile;

     e.     Failing to properly observe and pay attention to the road and the roadway ahead and to the vehicles thereon;

     f.     Operating the motor vehicle at an excessive rate of speed for allowable conditions;

     g.     Failing to obey traffic control devices;

     h.     Failing to take necessary action to avoid and/or evade the collision;

i. Failing to perform vehicle safety inspection and/or pre-trip inspection prior to operating his motor vehicle;

j. Operating his motor vehicle at an unsafe speed such that it could not be stopped within a reasonable distance in violation of the statutory rules of the road of the Commonwealth of Pennsylvania, particularly 75 Pa.C.S.A §3361, rendering Defendant's conduct negligent *per se*; and

k. Driving a vehicle with careless disregard for the safety of persons or property in violation of the statutory rules of the road of the Commonwealth of Pennsylvania, specifically 75 Pa.C.S.A. §3714, rendering Defendant's conduct negligent, *per se.*

25.     At all times relevant hereto, the negligence and carelessness of Defendant, Fischer, acting individually, jointly and/or severally, and/or by and through Defendant, Ferreira, further consisted of the following:

a. Permitting an incompetent driver to operate its motor vehicle;

b. Failing to determine whether Defendant, Ferreira, possessed the necessary driving skills and/or possessed the necessary mental and/or physical ability to exercise such driving skills;

c. Failing to instruct Defendant, Ferreira, in the proper method of operating a motor vehicle;

d. Failing to determine the competency of Defendant, Ferreira, to operate the motor vehicle in use at the time of the aforesaid collision;

e. Failing in its authority to contnrol Defendant, Ferreira's conduct in regard to the manner in which he was operating the vehicle, at the time and palce of the collision as described herein;

f. Allowing its dangerous, unsafe and/or defective motor vehicle to be operated on a public highway;;

g.     Failing to inspect its motor vehicle and/or maintain its motor vehicle in a
       safe and non-defective condition; and;

h.     Negligently and/or carelessly entrusting its motor vehicle to Defendant,
       Ferreira.

26.     As a direct and proximate result of Defendant, Fischer's negligence and carelessness as aforesaid, individually, jointly and/or severally, and/or by and through Defendant, Ferreira, Plaintiff did and/or may have sustained severe and permanent injuries to the bones, muscles, tendons, ligaments, nerves and tissues in, of, and/or about her head, neck, shoulders, back, body and limbs, including but not limited to herniated cervical discs and/or aggravation thereof, confirmed by MRI, cervical radiculopathy confirmed by EMG/NCV testing, lumbar radiculopathy, thoracic disc herniation and/or aggravation thereof, confirmed by MRI; lumbar disc herniation and bulge and/or aggravation thereof, confirmed by MRI, pelvic instability with misalignment of the iliac crest and acetabulum bilaterally, cervical, thoracic and lumbar sprain/strain, left knee contusion; as well as other injuries, the extent and nature of which are as yet not fully determined.  In addition, Plaintiff did and/or may have sustained post-incident traumatic limitation of motion, severe aches and pains, mental anguish concomitant with his physical injuries and severe nervous shock.  The injuries and conditions suffered by Plaintiff are believed to be permanent in nature and have in the past and may in the future cause the Plaintiff great pain and suffering.  Plaintiff has been and will in the future be prevented from pursuing his usual duties, activities, goals and/or daily affairs.  (It is specifically maintained that this paragraph has been drafted by and is the language of Plaintiff's counsel, is meant to be all encompassing as to the potential injuries suffered by Plaintiff, and, in fact, some of the injuries alleged and/or outlined herein may not have actually been suffered.  The medical investigation is continuing in this regard.)

27.     By reason of the aforesaid negligence and carelessness of the Defendant, Fischer, individually, jointly and/or severally, and/or by and through Defendant, Ferreira, the

Plaintiff has been in the past and may in the future be obliged to expend large sums of money for medicines and medical attention, in and about endeavoring to treat and cure himself of his aforesaid injuries.

28.    The Plaintiff further avers that as a result of the aforesaid occurrence, he has in the past and may in the future be unable to attend to his normal and usual duties, affairs, avocations and occupations, to his great financial damage and loss.

29.    The Plaintiff further avers that as a result of the aforesaid collision, he has suffered a serious impairment to his body function, such that he suffered not only an impairment to one, or more, of his body functions, but said injuries and impairment have had a significant impact upon his ability to perform his normal, usual and customary duties and functions.

30.    The Plaintiff further avers that as a result of the negligence and careless of the Defendant, Fischer, individually, jointly and/or severally, and/or by and through Defendant, Ferreira, he has in the past and may in the future suffer severe physical pain, mental anguish concomitant with his physical injuries, humiliation and loss of life's pleasures.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, Fischer, individually, jointly and/or severally, for an amount in excess of Fifty Thousand Dollars ($50,000.00), together with damages for delay as permitted by Rule 238, those costs that are permitted by Court Rule and included in a Bill of Costs and any other damage that is permitted by the Court or by Court Rule.

<div style="margin-left:40%">

Respectfully submitted,
**KALIKHMAN & RAYZ, LLC**

Lawrence Kalikhman, Esquire
Attorney for Plaintiff(s)

</div>

Date: May 25, 2017

## **VERIFICATION**

I, the undersigned, hereby verifies that I am the named plaintiff in the foregoing action and that the facts set forth in the Complaint are true and correct the best of my knowledge, information and belief. I am aware that said statements are made subject to the penalties relating to unsworn falsifications to authorities.

RICHARD F KRUSE JR





$007.620
00006,10181 MAY 26 2017
MAILED FROM ZIP CODE 19006
PITNEY BOWES

Luis M. Ferreira
137 Maple Avenue
Apartment 38
Haverstraw, NY 10927



KALIKHMAN & RAYZ, LLC
ATTORNEYS AND COUNSELORS AT LAW
1051 COUNTY LINE ROAD, SUITE "A"
HUNTINGDON VALLEY, PA 19006

7014 2520 0000 9094 4777



CERTIFIED MAIL

# Exhibit B

6/21/2017                                         USPS.com® - USPS Tracking® Results

# USPS Tracking® Results

FAQs > (http://faq.usps.com/?articleId=220900)

Track Another Package  +

Remove ✕

**Tracking Number:** 70142120000290344777

▶          ▶          ▶     Delivered

**Updated Delivery Day:** Saturday, June 3, 2017 ⓘ
## Product & Tracking Information

See Available Actions

**Postal Product:**                **Features:**
                                   Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **June 3, 2017, 1:54 pm** | **Delivered, Left with Individual** | **HAVERSTRAW, NY 10927** |
| | ▲ | |
| | Your item was delivered to an individual at the address at 1:54 pm on June 3, 2017 in HAVERSTRAW, NY 10927. | |
| June 3, 2017, 9:13 am | Out for Delivery | HAVERSTRAW, NY 10927 |
| June 3, 2017, 9:03 am | Sorting Complete | HAVERSTRAW, NY 10927 |
| June 3, 2017, 8:32 am | Arrived at Unit | HAVERSTRAW, NY 10927 |

See More ⌄

## Available Actions

| Text Updates | ⌄ |
|---|---|
| Email Updates | ⌄ |

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (http://faq.usps.com/?articleId=220900)**

**There's an easier way to track your packages.**

Why jump from page to page to track packages being sent to you? With My USPS™, you can easily track all your packages in one place. Sign up to:

- Set up automatic email and text alerts, so you'll never have to manually track a package again

- Provide delivery instructions, so your carrier knows where to leave packages

**Sign Up**

**(https://reg.usps.com/entreg/RegistrationAction_input?**

(https://www.usps.com/)

**app=UspsTools&appURL=https%3A%2F%2Ftools.usps.com%2Fgo%2FTrackConfirmAction%21input**

| HELPFUL LINKS | ON ABOUT.USPS.COM | OTHER USPS SITES | LEGAL INFORMATION |
|---|---|---|---|
| Contact Us (https://www.usps.com/help/welcome.htm) | About USPS Home (http://about.usps.com/) | Business Customer Gateway (https://gateway.usps.com/) | Privacy Policy (http://about.usps.com/who-we-are/privacy-policy/privacy-policy-highlights.htm) |
| Site Index (https://www.usps.com/globals/site-index.htm) | Newsroom (http://about.usps.com/news/welcome.htm) | Postal Inspectors (https://postalinspectors.uspis.gov/) | Terms of Use (http://about.usps.com/termsofuse.htm) |
| FAQs (http://faq.usps.com/) | USPS Service Updates (http://about.usps.com/news/service-alerts/welcome.htm) | Inspector General (http://www.uspsoig.gov/) | FOIA (http://about.usps.com/who-we-are/foia/welcome.htm) |
| | Forms & Publications (http://about.usps.com/forms-publications/welcome.htm) | Postal Explorer (http://pe.usps.gov/) | No FEAR Act EEO Data (http://about.usps.com/who-we-are/no-fear-act/welcome.htm) |
| | Government Services (https://www.usps.com/gov-services/gov-services.htm) | National Postal Museum (http://www.postalmuseum.si.edu/) | |
| | Careers (http://about.usps.com/careers/welcome.htm) | Resources for Developers (https://www.usps.com/webtools/welcome.htm) | |

Copyright © 2017 USPS. All Rights Reserved.



 (https://www.facebook.com/USPS?rf=108501355848630)    (https://twitter.com/usps)

 (http://www.pinterest.com/uspsstamps/)    (https://www.youtube.com/usps)

USPS.com® - USPS Tracking® Results

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

<u>**CASE MANAGEMENT TRACK DESIGNATION FORM**</u>

| | | |
|---|---|---|
| **RICHARD KRUSE,** | ) | |
| Plaintiff, | ) | Case No.: |
| vs. | ) | |
| | ) | |
| **LUIS M. FERREIRA AND FISCHER FOODS** | ) | |
| **OF NEW YORK, INC.,** | ) | |
| Defendants. | ) | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy of all defendants. (See §1:03 of the plan set forth on the reverse side of this form). In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation from specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C.§2241 through §2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( **X** )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )

| | | |
|---|---|---|
| June  29, 2017 | /s/ John Guthrie | **Attorney for Richard Kruse** |
| **Date** | **Attorney-at-law** | **and Fischer Foods of New York** |
| | **Roberto K. Paglione** | |
| | | |
| 856-642-4012 | 856-642-4013 | jguthrie@hanover.com |
| **Telephone** | **Fax Number** | **E-mail Address** |



17    2976

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 6304 Cottage Street, Philadelphia, PA 19135

Address of Defendants: 200 Brenner Drive, Congers, NY 10920

Place of Accident, Incident or Transaction: westbound I-676, Philadelphia, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock? No

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes ( )  No ( **XX** )

Does this case involve multidistrict litigation possibilities? Yes ( )  No ( **XX** )

*RELATED CASE, IF ANY:*
Case Number:          Judge:          Date Terminated:

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                              Yes ( )   No ( **XX** )

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                              Yes ( )   No ( **XX** )

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
                                                              Yes ( )   No ( **XX** )

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
                                                              Yes ( )   No ( **XX** )

CIVIL: (Place **X in** ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ( ) Indemnity Contract, Marine Contract, and All Other Contracts
2. ( ) FELA
3. ( ) Jones Act-Personal Injury
4. ( ) Antitrust
5. ( ) Patent
6. ( ) Labor-Management Relations
7. ( ) Civil Rights
8. ( ) Habeas Corpus
9. ( ) Securities Act(s) Cases
10. ( ) Social Security Review Cases
11. ( ) All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*
1. ( ) Insurance Contract and Other Contracts
2. ( ) Airplane Personal Injury
3. ( ) Assault, Defamation
4. ( ) Marine Personal Injury
5. ( **XX** ) Motor Vehicle Personal Injury
6. ( ) Other Personal Injury (Please specify)
7. ( ) Products Liability
8. ( ) Products Liability — Asbestos
9. ( ) All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, John M. Guthrie, counsel of record do hereby certify:
( ) Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
( ) Relief other than monetary damages is sought.

| __June 29 , 2017__ | /s/ | 94972 |
|---|---|---|
| Date | Attorney-at-Law | Attorney I.D.# |

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

__June 29, 2017__
Date

/s/
Attorney-at-Law

__94972__
Attorney I.D.#

CIV. 609

JUN 3 0 2017